**JUDGE BUCHWALD**

United States District Court
Southern District of New York
--------------------------------------------------x

RON SHILO and JACK WOLF,
                    Plaintiffs                               COMPLAINT

          -against-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
                    Defendant
--------------------------------------------------x


Plaintiffs JACK WOLF and RON SHILO , by their attorney Yoram Nachimovsky, hereby allege as follows:


1. Plaintiff JACK WOLF born August 30, 1922,  is a citizen and national of the United States as more fully appears in this complaint, and is a resident of Manhattan in the City and State of New York.


2.  Defendant, United States Department of Homeland Security by Alberto Gonzales, is the appointed, qualified, confirmed, and acting Attorney General and head of the Department of Justice of the United States and, as such is the official charged with granting and issuing certificates of citizenship under 8 U.S.C.A. § 1454. Defendant maintains his offices as Attorney General in the District of Columbia.


3. This is an action for declaratory judgment pursuant to 8 U.S.C.A. § 1503(a) and 28 U.S.C.A. §§ 2201 and 2202, and is brought for the purpose of determining a question of actual controversy between the parties as more fully appears in this complaint.


4. Jurisdiction of this action is based generally on 5 U.S.C.A. § 704 and 28 U.S.C.A. § 1331. Jurisdiction is expressly conferred on this court by 8 U.S.C.A. § 1503(a).


5. Plaintiff RON SHILO, the son of Jack Wolf,  was born on October 13, 1981, in Ramat Gan, Israel, to Jack Wolf and Hanna Shilo who were living together.  Due to an oversight error, the birth certificate omitted the name of his father.  Attached hereto is the sealed Report of the DNA Diagnostic Center which states that the probability of Jack Wolf being the father of Ron Shilo is 99.999996%.


6. At the time of birth, Plaintiff Jack Wolf was a citizen of the United States and Ron Shilo's mother was a citizen and national of Israel.

7.  Annexed hereto is a copy of Jack Wolf's current US Passport, marked as Exhibit A and incorporated herein by reference. Plaintiff's father became a citizen of the United States in the 1940's when he served in the United States Army for a period of approximately 3 years during the war, has never ceased to be a citizen of the United States, and holds this status at the present time.  Since his release from the armed forces immediately after the war, he has been a resident of the State of New York.

8.  Prior to Plaintiff Ron Shilo's birth, his natural father was visiting in Israel and then he returned to US on or about 1982.

9.  At the age of several months, Ron Shilo came to visit his father in the United States and resided with his parents in the United States until approximately age 5.  His father helped to raise him and has continued to provide support for him on a regular basis. They have spent numerous vacations together as evidenced by the annexed pictures taken at various times, evidencing their sharing times together throughout their lives.   There is no doubt that Jack Wolf has always held himself out as the legitimate father of Ron Shilo under United States law, supporting him and taking care of him.

10. On or about 1981, when Jack Shilo arranged for his son to live in the United States, the government granted a social security number to the child's mother however failed to inform Jack Wolf of any need to register the child and although Ron Shilo has resided at his father's residence in the US for approximately five years, no government document was issued to him and then he departed to Israel to live with his mother.

11. On or about  May 11, 2004 plaintiff applied for a certificate of citizenship in accordance with the procedures specified in 8 U.S.C.A. § 1452 and 8 C.F.R. § 341.1(a).

12. On or about April 11, 2005, plaintiff re-applied for a certificate of citizenship in accordance with the procedures specified in 8 U.S.C.A. § 1452 and 8 C.F.R. § 341.1(a) after the initial check for the fee remained uncashed and his application apparently lost.

12. On or about October 31, 2006, following examination by the assigned officer, Andrea Quarantillo, District Director, plaintiff received notification that the District Director of the Immigration and Naturalization Service had, as of October 31, 2006, wrongfully denied his application for a certificate of citizenship on the grounds that the service claimed that the : plaintiff did not derive or acquire United States citizenship through legitimization by his natural father.

13. On November 29, 2006, plaintiff appealed the denial to the Associate Commissioner, Examinations, in accordance with the provisions of 8 C.F.R. §§ 103.1(f)(3)(iii)(p) and 103.3 but, on August 7, 2007, plaintiff received notification that the Associate Commissioner,

Examinations, had denied the appeal as of August 7, 2007, on the wrongful basis that plaintiff did not derive or acquire United States citizenship through legitimization by his natural father.

14. The determination of the Associate Commissioner, Examinations, constitutes a final agency action within the meaning of 5 U.S.C.A. § 704.

15. Defendant's action in denying plaintiff's application for a certificate of citizenship is illegal, null and void, and of no effect, for the reasons that: By virtue of the legitimization by his natural father, and his residence within the United States with his father, plaintiff acquired United States Citizenship by age 5 under the terms of 8 U.S.C.A. §§ 1401(g) and 1409(a)]. In the alternative, plaintiff was legitimized at another age.

16. In view of defendant's action, and plaintiff's contention that such action is illegal, null, and void, there is an actual controversy within the jurisdiction of this court, and declaratory and injunctive relief will effectively adjudicate the rights of the parties.

17. Plaintiff has exhausted all administrative remedies, and has no adequate remedy at law for the reason that without citizenship at this time, every trip in and out of the country is an ordeal, and could result in a possible exclusion; and plaintiff is being denied the rights of a citizen.

WHEREFORE, plaintiff requests that:

1. Judgment be entered declaring plaintiff to be a citizen of the United States, and that the denial of his application for issuance of a certificate of citizenship is unlawful, null, and void, and of no force and effect;

2. Defendant be permanently enjoined from denying plaintiff's application for a certificate of citizenship on the basis of the proceedings complained of here;

3. Defendant be ordered to grant plaintiff's application for a certificate of citizenship forthwith; and

4. The Court grant plaintiff such other and further relief as it may deem necessary and proper.

Dated: .August 20, 2007

Yoram Nachimovsky, Esq.
Attorney for JACK WOLF and RON SHILO
299 Broadway, Suite 605
New York, New York 10007
(212) 267-1157

STATE OF NEW YORK
COUNTY OF NEW YORK

    I, Jack Wolf being duly sworn, depose and say: I am the plaintiff in the within action; I have read the foregoing document and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

Dated:
      New York, New York                                    _____
                                                                              Jack Wolf

Sworn to Before Me on

Notary Public

YORAM NACHIMOVSKY
Notary Public, State of New York
No. 02NA5015732
Qualified in Kings County
Commission Expires July 26, 2009

STATE OF NEW YORK
COUNTY OF NEW YORK

    I, Ron Shilo being duly sworn, depose and say: I am the plaintiff in the within action; I have read the foregoing document and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.


Dated:
    New York, New York              _____
                                       Ron Shilo


Sworn to Before Me on

Notary Public

YORAM NACHIMOVSKY
Notary Public, State of New York
No. 02NA5015732
Qualified in Kings County
Commission Expires July 26, 2009

The Secretary of State
of the United States of America
hereby requests all whom it may concern to permit the citizen /
national of the United States named herein to pass
without delay or hindrance and in case of need to
give all lawful aid and protection.

Le Secrétaire d'État
des Etats-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer
le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport
sans délai ni difficulté et, en cas de besoin, de lui accorder
toute aide et protection légitimes.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE

NOT VALID UNTIL SIGNED

UNITED STATES OF AMERICA

PASSPORT
PASSPORT

| Type/Catégorie | Code of issuing/Code du pays | PASSPORT NO./NO. DU PASSEPORT |
|---|---|---|
| P | State USA | 154733348 |

Surname / Nom
WOLF

Given names / Prénoms
JACK

Nationality / Nationalité
UNITED STATES OF AMERICA

Date of birth / Date de naissance
30 AUG/AOU 22

Sex / Sexe    Place of birth / Lieu de naissance
M          BELGIUM

Date of Issue / Date de délivrance        Date of expiration / Date d'expiration
31 JUL/JUI 96          30 JUL/JUI 06

Authority / Autorité
PASSPORT AGENCY

NATIONAL PASSPORT CTR

Amendments/
Modifications
SEE PAGE
24

P<USAWOLF<<JACK<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<
154733348USA2208305M0607306<<<<<<<<<<<<<<0

# HONORABLE DISCHARGE

| 1. LAST NAME - FIRST NAME - MIDDLE INITIAL | 2. ARMY SERIAL NO. | 3. GRADE | 4. ARM OR SERVICE | 5. COMPONENT |
|---|---|---|---|---|
| WOLF JACK I | 32 969 198 | T/5 | DEML | AUS |

| 6. ORGANIZATION HEADQUARTERS COMMAND WESTERN BASE SECTION | 7. DATE OF SEPARATION 31 MAR 46 | 8. PLACE OF SEPARATION SEP CTR FORT DIX NJ |
|---|---|---|

| 9. PERMANENT ADDRESS FOR MAILING PURPOSES 2 85 RIVERSIDE DR NEW YORK NY | 10. DATE OF BIRTH 30 AUG 22 | 11. PLACE OF BIRTH BELGIUM |
|---|---|---|

| 12. ADDRESS FROM WHICH EMPLOYMENT WILL BE SOUGHT SEE 9 | 13. COLOR EYES BROWN | 14. COLOR HAIR BROWN | 15. HEIGHT 5'7" | 16. WEIGHT 170 LBS. | 17. NO. DEPEND. 0 |
|---|---|---|---|---|---|

| 18. RACE | 19. MARITAL STATUS | 20. U.S. CITIZEN | 21. CIVILIAN OCCUPATION AND NO. |
|---|---|---|---|
| WHITE W / NEGRO / OTHER (specify) | SINGLE S / MARRIED / OTHER (specify) | YES / NO X | DIAMOND CUTTER 4-71.210 |

## MILITARY HISTORY

| 22. DATE OF INDUCTION 14 JUN 43 | 23. DATE OF ENLISTMENT | 24. DATE OF ENTRY INTO ACTIVE SERVICE 28 JUN 43 | 25. PLACE OF ENTRY INTO SERVICE NEW YORK NY |
|---|---|---|---|

| SELECTIVE SERVICE DATA ▷ | 26. REGISTERED YES X / NO | 27. LOCAL S. S. BOARD NO. 34 | 28. COUNTY AND STATE NEW YORK NY | 29. HOME ADDRESS AT TIME OF ENTRY INTO SERVICE SEE 9 |
|---|---|---|---|---|

| 30. MILITARY OCCUPATIONAL SPECIALTY AND NO. INTERPRETER 320 | 31. MILITARY QUALIFICATION AND DATE (i.e., infantry, aviation and marksmanship badges, etc.) M1 RIFLE MM 150 21 AUG 43 |
|---|---|

**32. BATTLES AND CAMPAIGNS**

NONE

**33. DECORATIONS AND CITATIONS**

EUROPEAN AFRICAN MIDDLE EASTERN CAMPAIGN MEDAL    GOOD CONDUCT MEDAL
WORLD WAR II VICTORY MEDAL

**34. WOUNDS RECEIVED IN ACTION**

NONE

| 35. | LATEST IMMUNIZATION DATES | | | 36. | SERVICE OUTSIDE CONTINENTAL U.S. AND RETURN | |
|---|---|---|---|---|---|---|
| SMALLPOX | TYPHOID | TETANUS | OTHER (specify) | DATE OF DEPARTURE | DESTINATION | DATE OF ARRIVAL |
| 11 MAR 44 | 8 MAR 44 | 1 MAR 44 | NONE | 8 JAN 44 | ETO | 17 JAN 44 |

| 37. | TOTAL LENGTH OF SERVICE | | | | | 38. HIGHEST GRADE HELD |
|---|---|---|---|---|---|---|

| CONTINENTAL SERVICE | | | FOREIGN SERVICE | | | |
|---|---|---|---|---|---|---|
| YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS | |
| 0 | 6 | 15 | 2 | 2 | 19 | T/5 |

(36 continued: 14 MAR 46   USA   26 MAR 46)

**39. PRIOR SERVICE**

NONE

**40. REASON AND AUTHORITY FOR SEPARATION**

CONV OF THE GOVT AR 615-365 15 DEC 44 & RR 1-1 (DEMOBILIZATION)

| 41. SERVICE SCHOOLS ATTENDED EM SPEC SCHOOL 12 WKS 1943   ENGINEER DRAFTING | 42. EDUCATION (Years) | | |
|---|---|---|---|
| | Grammar 8 | High School 4 | College 1/2 |

## PAY DATA   VO 88012

| 43. LONGEVITY FOR PAY PURPOSES | | | 44. MUSTERING OUT PAY | | 45. SOLDIER DEPOSITS | 46. TRAVEL PAY | 47. TOTAL AMOUNT, NAME OF DISBURSING OFFICER |
|---|---|---|---|---|---|---|---|
| YEARS | MONTHS | DAYS | TOTAL | THIS PAYMENT | $180.00 | $3.95 | $497.67 J HARRIS COL FD |
| 2 | 9 | 18 | $300 | $100 | | | |

## INSURANCE NOTICE

**IMPORTANT**   IF PREMIUM IS NOT PAID WHEN DUE OR WITHIN THIRTY-ONE DAYS THEREAFTER, INSURANCE WILL LAPSE. MAKE CHECKS OR MONEY ORDERS PAYABLE TO THE TREASURER OF THE U. S. AND FORWARD TO COLLECTIONS SUBDIVISION, VETERANS ADMINISTRATION, WASHINGTON 25, D.C.

| 48. KIND OF INSURANCE | 49. HOW PAID | | 50. Effective Date of Allotment Discontinuance | 51. Date of Next Premium Due (One month after 50) | 52. PREMIUM DUE EACH MONTH | 53. INTENTION OF VETERAN TO | | |
|---|---|---|---|---|---|---|---|---|
| Nat. Serv. X / U.S. Govt. / None | Allotment X | Direct to V.A. | 3 1 MAR 46 | 30 APR 46 | $6.50 | Continue X | Continue Only | Discontinue |

| 54. | 55. REMARKS (This space for completion of above items or entry of other items specified in W. D. Directives) |
|---|---|
| RIGHT THUMB PRINT | LAPEL BUTTON ISSUED<br>INACTIVE ERC FROM 14 JUN 43 TO 27 JUN 43<br>ASR SCORE (2 SEP 45) 47 |

| 56. SIGNATURE OF PERSON BEING SEPARATED | 57. PERSONNEL OFFICER (Type name, grade and organization - signature) |
|---|---|
| Jack I Wolf | G W MILES CWO USA   *G. W. Miles* |

WD AGO FORM 53 - 55
1 November 1944

This form supersedes all previous editions of WD AGO Forms 53 and 55 for enlisted persons entitled to an Honorable Discharge, which ...



1982 JAN baby in Israel 2



1982 JAN baby in Israel



1983 NYC



1985 NYC ZOO



1985 NYC



1986 ISRAEL



1991 Washington DC



1991 white house



1991



1994 ISRAEL



1994 NYC



2003 ISRAEL



# DNA Test Report

Report Date: 26/02/2007

DDC is accredited/certified by AABB, CAP, FQS-International, ISO/IEC 17025, CLIA, NYSDOH & ASCLD/LAB-International.

| Case: 705395 | CHILD | | Alleged FATHER | |
|---|---|---|---|---|
| Name | Ron Shilo | | Jack Wolf | |
| Race | | | Caucasian | |
| Date Collected: | 19/02/2007 | | 19/02/2007 | |
| Test No. | 705395-20 | | 705395-30 | |

| Locus | PI | Allele Sizes | | Allele Sizes | |
|---|---|---|---|---|---|
| D8S1179 | 2.82 | 10 | 13 | 10 | 11 |
| D21S11 | 2.56 | 30.2 | 31.2 | 29 | 31.2 |
| D7S820 | 2.41 | 11 | | 10 | 11 |
| CSF1PO | 1.65 | 11 | | 10 | 11 |
| D3S1358 | 2.09 | 14 | 16 | 14 | 17 |
| TH01 | 4.18 | 6 | | 6 | |
| D13S317 | 1.72 | 11 | 13 | 11 | |
| D16S539 | 4.21 | 10 | 11 | 10 | 13 |
| D2S1338 | 4.91 | 17 | 23 | 23 | |
| D19S433 | 4.68 | 15.2 | 16 | 15 | 16 |
| vWA | 1.25 | 16 | 18 | 17 | 18 |
| TPOX | 7.09 | 8 | 12 | 8 | 12 |
| D18S51 | 3.53 | 16 | 18 | 12 | 18 |
| D5S818 | 2.77 | 12 | | 12 | |
| FGA | 8.07 | 21 | 26 | 18 | 26 |
| Amelogenin | | X | Y | X | Y |

RN 6446

Interpretation:

Combined Paternity Index: **29,116,431**      <u>Probability of Paternity:</u> **99.999996%**

The alleged father is not excluded as the biological father of the tested child. Based on testing results obtained from analyses of the DNA loci listed, the probability of paternity is 99.999996%. This probability of paternity is calculated by comparing to an untested, unrelated, random individual of the Caucasian population (assumes prior probability equals 0.50).

Subscribed and sworn before me on 26 February 2007

Jennie A. Roberts
Notary Public, State of Ohio
My Commision Expires 29 December 2009

I, the undersigned, verify that the interpretation of the results is correct as reported.

Michael L. Baird, Ph.D.     John W. Peterson, Ph.D.
Thomas M. Reid, Ph.D.     Susannie C. Lee, Ph.D.
Melissa D. Kahsar, Ph.D.     Keen A. Wilson, Ph.D.

U.S. Department of Homeland Security
26 Federal Plaza, Room 700
New York, N.Y. 10278



**U.S. Citizenship
and Immigration
Services**

Ron Shilo
C/O Jack Wolf
1212 Avenue of the Americas
New York, NY 10036

Date: August 7, 2007

A# 98 413 058

## DECISION ON REVIEW OF DENIAL OF CITIZENSHIP APPLICATION

On **December 6, 2006,** you filed an appeal of the Service decision on your application for a Certificate of Citizenship filed in accordance with section **309** of the Act.

Pursuant to the investigation and examination of your application, it is determined that the original decision on your application be upheld for the following reasons:

**8CFR Sect. 103.3 (B) Untimely appeal.**

    (1) Rejection without refund of filing fee. An appeal which is not filed within the time allowed must be rejected as improperly filed. In such a case, any filing fee the Service has accepted will not be refunded.

    (2) Untimely appeal treated as motion. If an untimely appeal meets the requirements of a motion to reopen as described in Sec. 103.5(a)(2) of this part or a motion to reconsider as described in Sec. 103.5(a)(3) of this part, the appeal must be treated as a motion, and a decision must be made on the merits of the case.

Your I-290b request for a review of the Service decision by the Administrative Appeals Unit was submitted untimely and is therefore rejected in accordance with section 103.3 of the Code of Federal Regulations. Your original decision was dated October 31, 2006 and you had 33 days from this date to file an appeal of the decision. Your appeal was submitted on December 5, 2006.

Even if the untimely appeal is treated either as a motion to reopen or motion to reconsider, no circumstances were shown to overturn the original decision of the Service. A motion must state new facts that are to be provided in the reopened proceedings and must be accompanied by documentary evidence. Your untimely appeal did not meet the above-named requirements. A motion to reconsider must establish that the decision was based on an incorrect application of law or CIS policy and show that the decision was incorrect based on the evidence in the file at the time the decision was made. Your untimely appeal also failed to meet the above-named requirements.

The question of legitimation is a separate issue from the necessity of establishing biological relationship between a child and his father. To be eligible for acquisition of citizenship at birth for a child of born out wedlock (§309 of the INA), it must be established that the child has been legitimated according to the laws of the citizen parent or the child's residence before 18th birthday. As there is no evidence to establish that you have been legitimated prior to November 14, 1986, the Service finds no reason to refer

Send copy to Yoram Nachimovsky, Esq. 299 Broadway, Suite 605. New York, NY 10007

back to prior requirements of acquisition of citizenship under section 309 (legitimation prior to 21st birthday). Based on evidence provided, you failed to establish that you are a legitimated child of Mr. Jack Wolf.

You reached your 18th birthday on October 13, 1999. Not only your father's affidavit of paternity made after your 22nd birthday on October 27, 2003, his name has not been registered on your birth record as of the date of filing your application on April 11, 2005. Therefore, the fact that a DNA test result, which was NOT submitted in a sealed envelope with photo identification and the chain of custody form by the testing laboratory, indicates that Mr. Jack Wolf is your biological father does not negate the requirement of establishing your status as a legitimated child of your father under the section 309 of the INA. For the purpose of acquiring citizenship, evidence of legitimation must take place in a recognized form accepted by the civil authority of your or your father's residence.

Although your attorney stated that you are recognized as a legitimated child under the laws of New York and Israel, no evidence was submitted to support such claim. It was held in the Matter of Bullen (16 I&N Dec. 378 BIA 1977) that under the law of New York, the natural parents must marry in order to legitimate the child. There is no evidence to support that your natural parents were ever married to each other on or after your date of birth. There is also no evidence to establish that the government of Israel recognizes a child born out of wedlock as a legitimated child without natural parents' subsequent marriage.

In addition, regardless of marriage between natural parents, if the paternity has not been established before or recognized by the civil authority prior to the required age, then you cannot be identified as a legitimated child under the Immigration and Nationality Law of the United States. The affidavit of paternity made in 2003 does not and cannot act retroactively. Since there is no evidence to establish that your father has legitimated you according to the laws of Israel prior to your 18th birthday, you are ineligible to acquire citizenship at birth.

Furthermore, it is noted that you have not provided evidence of your father's US citizenship or the required period of his physical presence in the United States prior to your birth on October 13, 1981. You claimed on your application that your father naturalized in 1943. However, only proof of your father's citizenship is a copy of a U.S. passport issued on July 31, 1996. The fact that your father has served in the United States Armed Forces does not prove his citizenship. Also, the record of your father's military service covers approximately 3 years of his physical presence in the United States. You are required to establish a period of 5 years of physical presence in the United States.

There is no other section of law under which you are eligible to derive citizenship after your birth but prior to your 18th birthday. You are not a permanent resident (former INA section 321) nor have you filed your N600 application (former INA section 322) before your 18th birthday. Therefore, after careful review of all records, and all relevant statutes, the decision to deny the application for a certificate of citizenship must remain unchanged.

Sincerely,

Andrea Quarantillo
District Director

Send copy to Yoram Nachimovsky, Esq. 299 Broadway, Suite 605. New York, NY 10007