MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2769

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RON SHILO and JACK WOLF,                  :

        Plaintiffs,             :
                                                      ANSWER
        - v. -                        :
                                                      07 Civ. 7868 (NRB)
UNITED STATES DEPARTMENT OF         :
HOMELAND SECURITY,                         :  ELECTRONICALLY FILED

        Defendant.             :
------------------------------------------------------------x

      Defendant, United States Department of Homeland Security ("DHS"), by its Attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiffs Ron Shilo ("Shilo") and Jack Wolf ("Wolf") (collectively, "plaintiffs"), upon information and belief, as follows:

      1.     Admits the allegations in paragraph 1 of the complaint.

      2.     Admits the allegations in paragraph 2 of the complaint; except denies the allegation that Alberto Gonzales is the Attorney General of the United States; and avers that (a) Michael B. Mukasey has succeeded Alberto Gonzales as Attorney General, and (b) Michael Chertoff is the

Secretary of DHS. In further response to the allegations in paragraph 2, defendant respectfully refers the Court to the statute cited therein for an accurate statement of its provisions.

3. Neither admits nor denies the allegations in paragraph 3 of the complaint because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required, and respectfully refers the Court to the statutes cited therein for accurate statements of their provisions.

4. Neither admits nor denies the allegations in paragraph 4 of the complaint because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refers the Court to the statutes cited therein for accurate statements of their provisions.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint; except admits that Shilo was born on October 13, 1981 in Ramat Gan, Israel, and that his birth certificate lists Hanna Shilo as his mother but does not list the name of his father; and respectfully refers the Court to the document cited in paragraph 5 (and annexed to the complaint) for an accurate statement of its contents.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint; except admits that Wolf served in the United States Army in the 1940s. In further response to the allegations in paragraph 7, defendant respectfully refers the Court to the documents referred to therein (and annexed to the complaint) for accurate

statements of their contents; denies that the first exhibit is a copy of Wolf's "current" passport; and avers that this document is a copy of a passport that expired on July 30, 2006.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Admits the allegations in paragraph 11 of the complaint, and respectfully refers the Court to the statute and regulation cited therein for accurate statements of their provisions.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph of the complaint numbered "12"[1]; except admits that plaintiff Shilo re-submitted his application for a certificate of citizenship ("N-600 application") on April 11, 2005; and respectfully refers the Court to the statute and regulation cited therein for accurate statements of their provisions.

13. Denies the allegations in the second paragraph of the complaint numbered "12"; except admits that Shilo's N-600 application was denied on October 31, 2006; and denies knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding the contents of that document, which is not attached to the complaint. In further response to the allegations in the second paragraph numbered "12," defendant avers that (1) the former Immigration and Naturalization Service ceased to exist on March 1, 2003, and its functions respecting the distribution

---

[1] The complaint contains two consecutive paragraphs numbered "12."

of immigration benefits were assumed by the United States Citizenship and Immigration Services ("CIS"), an agency within DHS[2]; and (2) Andrea Quarantillo is the District Director of CIS' New York District.

    14.    Denies the allegations in paragraph 13 of the complaint, except admits that plaintiff Shilo filed an administrative appeal of the District Director's denial of his N-600 application on November 29, 2006, and that the appeal was denied on August 7, 2007; and respectfully refers the Court to CIS' August 7, 2007 decision, referred to therein (and annexed to the complaint) for an accurate statement of its contents. In further response to the allegations in paragraph 13, defendant avers that (a) Shilo's appeal was not timely filed because 8 C.F.R. § 103.3(a)(2)(i) requires that an appeal be filed "within 30 days after service" of the initial decision; and (b) CIS treated Shilo's appeal as a motion to reopen and considered it pursuant to 8 C.F.R. §§ 103.3(a)(2)(v)(B)(2) and 103.5(a)(2); and respectfully refers the Court to the regulations cited herein for complete statements of their provisions.

    15.    Admits the allegation in paragraph 14 of the complaint, and respectfully refers the Court to the statute cited therein for an accurate statement of its provisions.

    16.    Neither admits nor denies the allegations in paragraph 15 of the complaint because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required; and respectfully refers the Court to the statutory provisions cited therein for an accurate statement of their provisions. To the extent that a further response to the allegations in paragraph 15 is required, defendant denies the allegations.

---

[2] See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); see also Clark v. Martinez, 533 U.S. 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam).

17. Neither admits nor denies the allegations in paragraph 16 of the complaint because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 16 is required, defendant denies the allegations.

18. Neither admit nor deny the allegations in paragraph 17 because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 17 is required, defendant denies the allegations.

19. Neither admit nor deny the allegations in the "wherefore" clause of the complaint, because they constitute plaintiff's characterization of the action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required.

## AS AND FOR A DEFENSE

The administrative decisions issued by CIS on October 31, 2006 and, upon further review, by CIS on August 7, 2007, denying plaintiff's application for a certificate of citizenship, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the Attorney General's broad discretion in citizenship matters.

CONCLUSION

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
January 11, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant

By: /s/
NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel. No.:  (212) 637-2769
Natalia.Oeltjen@usdoj.gov

TO: YORAM NACHIMOVSKY
Attorney for Plaintiffs
299 Broadway, Suite 605
New York, New York 10007
nybizlaw@aol.com